HARRY H. ENDERS EX'R. v. NORMAN N. ENDERS ET AL.

*Wills—Construction—Mortgage on devised land—Costs.*

A will after providing for the payment of testator's debts and the distribution of his estate contained the clause: "And to Norman N. Enders, I want him to have the farm I lately bought of Bradley Cartwright at the same price and on the same terms, except he is not to pay any interest on the mortgage on the said farm after my death; *and if the said farm amounts to more than his share the balance to be paid equally to the rest of my children,* except Jeremiah." The terms on which the farm had been bought left a balance payable yearly, with interest, secured by mortgage. *Held* that the farm was to be valued at its purchase price, from which Norman's share was to be deducted; that he was to pay to the other devisees the amount annually due on the purchase price, and secure such payment by a mortgage on the farm, but that he was released from paying interest on his mortgage. The interest paid by testator to the date of his death is assumed to have been satisfied by the rents and profits of the farm, especially as the will farther required Norman to furnish fire-wood to the testator's widow for the rest of her life.

A devisee of land mortgaged for its purchase price is not bound to pay the amounts remaining unpaid therefor unless the will so provides; it is a charge against the estate.

Costs of a proceeding by an executrix to obtain the construction of a will are paid out of the estate.

Appeal from Genessee. Submitted June 2. Decided October 11.

BILL to obtain construction of will. The executor appeals. Affirmed.

*Baldwin & Draper* for complainant

*William Newton* for defendant Norman Enders.

MARSTON, J. The bill in this case was filed to obtain a construction of the will of Philip Enders deceased, more particularly that part of it relating to the farm that he had purchased from Bradley Cartwright.

After the payment of his debts his wife was to have a

certain house and lot, and one-third of his real and personal estate during life, and after her death it was to be equally divided among his heirs, except his son Jeremiah, who were named, eight children, in equal shares. The will then proceeds:

"And to Norman N. Enders, I want him to have the farm I lately bought of Bradley Cartwright, at the same price and on the same terms, except he is not to pay any interest on the mortgage on the said farm after my death; and if the said farm amounts to more than his share, the balance to be paid equally to the rest of my children except Jeremiah."

The price and the terms upon which he had purchased the Cartwright farm were $6000,—$1700 cash, and the balance payable in yearly installments of $400, with interest, secured by mortgage on the land. The price, therefore, at which the farm was to be valued, was $6000. From this was to be deducted Norman's share in the estate, of which this farm at this valuation formed a part; the balance or amount to be paid by Norman, if any, was to be paid in yearly installments of $400, and to be secured by mortgage upon the farm; thus corresponding to the terms upon which this farm was purchased, subject only to the modification that Norman should not pay interest upon the mortgage so to be given by him. This in our opinion was the intention of the testator, and in the light of the surrounding and existing circumstances, is the fair and only construction that can be reasonably given to the language used.

Norman would have been under no obligation to pay either principle or interest upon this mortgage given to Cartwright, and there was not, therefore, any reason for exempting him from the payment of what was a charge not against him, but against the estate. The terms of the Cartwright purchase were yearly installments for the balance secured by mortgage, and interest was to be paid thereon. Such would have been the terms which Norman would have been required to comply with, viz.; $400 yearly installments with interest secured by mortgage, and the only modification of such terms is the exemption of interest. If this exemp-

tion means that Norman should not pay interest on the installments that might at the death of the testator remain unpaid on the Cartwright mortgage, then it might as well have been omitted. As already said, Norman would have been under no obligation to have paid such interest, as under the will he was not in any way to assume that debt, either principle or interest; besides had the testator lived, the whole of that debt might have been paid before his death and after the date of the will. The exemption was to apply to the mortgage which Norman was to give the estate, and thus he obtained the farm upon the same terms and at the same figure it was bought from Cartwright for. The interest which the testator may have paid up to the time of his death we must assume was compensated for in the rents and profits of the farm.

This view is also strengthened by a clause in the codicil, viz.: " That in consideration of what I have heretofore given and willed to my son Norman [he] shall furnish my wife Ann all the fire-wood that she shall need for her own use during her natural life, the wood to be fitted ready for the stove, and to be delivered at her house in the village of Goderich."

The decree will be affirmed, except that part relating to payment of solicitor's fees, with costs, the same to be paid out of the estate.

The other Justices concurred.